1    Daniel P. Mallove, WSBA #13158
2    Law Office of Daniel P. Mallove, PLLC
      2003 Western Avenue, Suite 400
3    Seattle, Washington 98121
      e-mail: dmallove@dpmlaw.com
4    Telephone: (206) 239-9933

      ___ FILED     ___ ENTERED
      ___ LODGED   ___ RECEIVED

      FEB 15 2006  LK

      AT SEATTLE
      CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
                     DEPUTY

5    Attorney for Plaintiff
      Kathi Yeutsy

6

7

8    06-CV-00225-CMP

9

10                 UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
11                          AT SEATTLE

12    KATHI YEUTSY, a married woman,
      individually,
13

                 Plaintiff,
14

15          v.

16    DALE NIXDORF and JANE DOE NIXDORF,
      husband and wife and the marital community
17    comprised thereof; and the CITY OF SEATTLE,
      a municipal corporation,
18

                 Defendants.

NO. **C 06-0225 JLR**

COMPLAINT FOR
PERSONAL INJURIES

19

20         COMES NOW plaintiff Kathi Yeutsy, by and through her undersigned counsel of

21    record, Daniel P. Mallove, and for a claim of relief against defendants Dale Nixdorf, Jane

22    Doe Nixdorf, and the City of Seattle, alleges as follows:

23                     **I. INTRODUCTION**

24         This is a civil action seeking damages against the above-named defendants.

25    Plaintiff's civil claims include common law tort causes of action, statutory causes of action,

26

ORIGINAL

                                  LAW OFFICE OF
                        **DANIEL P. MALLOVE, PLLC**
                           2003 WESTERN AVENUE
                               SUITE 400
                     SEATTLE, WASHINGTON 98121
                         PHONE: (206) 239-9933
                         FAX: (206) 567-0277

and offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America.

## II. PARTIES

2.1     Plaintiff Kathi Yeutsy, at all times material hereto, was a resident of King County, Washington.

2.2     Upon information and belief, defendants Dale Nixdorf and Jane Doe Nixdorf, at all times material hereto, were husband and wife, constituted a marital community, and were residents of King County, Washington.

2.3     Defendant City of Seattle, at all times material hereto, was a municipal corporation located in the King County, Washington.  At all times material hereto, defendant Dale Nixdorf was an employee of the City of Seattle Police Department and was acting within the scope of his employment and under color of the laws of the State of Washington.

2.4     All acts material hereto occurred in King County, Washington.

## III. JURISDICTION AND VENUE

3.1     This Court has personal and subject matter jurisdiction over plaintiff's federal civil rights claims under Title 42, United States Code, § 1983 and Title 28, United States Code, §§ 1331 and 1343(a)(3).

3.2     This Court has pendent jurisdiction over plaintiff's state law claims and over defendants as to said claims, pursuant to Title 28, United States Code, § 1367.

3.3     The acts and omissions complained of herein occurred in King County, Washington, and the defendants herein are residents and citizens of the State of Washington.

3.4     Venue is proper in this Court because the parties reside or transact business in this District and all or a substantial portion of the acts and omissions giving rise to this

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-9933
FAX: (206) 587-0277

1  litigation occurred in this District.

2      3.5     Plaintiff has properly presented notices of claim to the City of Seattle alleging

3  claims against both the City of Seattle and defendant Dale Nixdorf, pursuant to RCW

4  4.96.020, and more than 60 days have elapsed since those claims were presented.

5

6                    IV. **NATURE OF ACTION**

7      4.1     At approximately 9:00 p.m. on July 14, 2003, plaintiff Kathi Yeutsy

8  experienced a domestic dispute with her husband, Gary Yeutsy, and made a domestic

9  disturbance call to 9-1-1. The Seattle Police Department responded. Plaintiff Kathi Yeutsy

10  left the house after the police responded and stayed the night with her mother, Nadine Swan.

11      4.2     On July 15, 2003, at approximately 9:30 a.m., Seattle Police Department

12  Sergeant Elizabeth Eddie and two domestic violence advocates arrived at Nadine Swan's

13  house located in Seattle, Washington. Sergeant Eddie informed plaintiff Kathi Yeutsy that

14  she needed to file for a temporary protection order. Plaintiff Kathi Yeutsy then spent the

15  entire day in downtown Seattle on July 15th with the domestic violence advocates drafting,

16  revising and filing a motion for a temporary protective order. A temporary protective order

17  was issued at approximately 3:30 p.m. on July 15th. Sergeant Eddie subsequently drove

18  plaintiff Kathi Yeutsy in a Seattle Police Department vehicle to her mother's house and

19  dropped her off there, where plaintiff Kathi Yeutsy waited until news arrived that Gary

20  Yeutsy had been served and had vacated their residence in Seattle. Sergeant Eddie then

21  returned to Kathi Yeutsy's mother's house and told plaintiff Kathi Yeutsy that Gary Yeutsy

22  had been served.

23      4.3     Seattle Police Department Detective Dale Nixdorf also was assigned to Kathi

24  Yeutsy's mother's house while Gary Yeutsy was being served. Because Gary Yeutsy is a

25

26

LAW OFFICE OF
**DANIEL P. MALLOVE, PLLC**
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-9933
FAX: (206) 587-0277

1   former police officer and because of the Seattle Police Department's policies and procedures

2   related to domestic disputes involving former and/or current police officers, after Gary

3   Yeutsy was served, defendant Dale Nixdorf drove plaintiff Kathi Yeutsy in his police vehicle

4   to her residence in Seattle to install a Varda alarm system. Once inside plaintiff's home and

5   before installing the Varda alarm system, defendant Dale Nixdorf noticed that plaintiff Kathi

6   Yeutsy had a teddy bear on her bed. He then got on her bed spreadeagled and told plaintiff

7   Kathi Yeutsy he "could be [her] teddy bear." Plaintiff Kathi Yeutsy immediately told

8   defendant Dale Nixdorf that she was uncomfortable with his statement and with him lying on

9   her bed. Defendant Dale Nixdorf then got off the bed and installed the Varda equipment,

10  showed plaintiff Kathi Yeutsy how to use the equipment, and then drove her to her mother's

11  house where he also installed a Varda alarm system. Plaintiff Kathi Yeutsy's mother was

12  instructed by defendant Dale Nixdorf on how to use the equipment and instructed to

13  demonstrate her ability to use it. Defendant Dale Nixdorf then gave plaintiff Kathi Yeutsy

14  his personal cellular telephone number, his business card, drove her back to her own

15  residence, checked the house to make sure it was safe, and then left.

16          4.4     On or about July 20, 2003, at approximately 10:00 a.m., defendant Dale

17  Nixdorf called plaintiff Kathi Yeutsy stating to her that he needed to switch out the Varda

18  system he had previously installed to a panic system. He then arrived at her home a short

19  time later. Once he was inside plaintiff's home, defendant Dale Nixdorf laid his gun on

20  plaintiff Kathi Yeutsy's massage table and told her that she looked like she could use a hug.

21  Defendant Dale Nixdorf then hugged plaintiff Kathi Yeutsy. Defendant Dale Nixdorf then

22  installed the panic button on the Varda alarm system. When defendant Dale Nixdorf was

23  readying to leave plaintiff's residence, he again hugged her, and without plaintiff's consent

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-9933
FAX: (206) 587-0277

placed his hands on plaintiff's buttocks, pulled her towards him, rotated his groin against her, and kissed her on the neck. Plaintiff Kathi Yeutsy told defendant Dale Nixdorf that she was a married woman and was uncomfortable with his behavior. He then accused her being a tease and left the residence.

4.5     Defendant Dale Nixdorf then went to a seminar in Florida for eight days, from which he placed no less than 11 telephone calls to plaintiff Kathi Yeutsy at her home, some of which were made at 5:00 a.m. Pacific Time.

4.6     Commencing on approximately July 25, 2003, and continuing through approximately August 11, 2003, defendant Dale Nixdorf continued to subject plaintiff Kathi Yeutsy to a series of sexually harassing comments, sexual innuendoes, unauthorized, impermissible, and unwelcome physical touchings, and sexual assault. Plaintiff Kathi Yeutsy consistently asked defendant Dale Nixdorf to stop making sexual comments and innuendoes, and to refrain from touching her breasts, buttocks, or other areas of her body. Despite plaintiff Kathi Yeutsy's requests, defendant Dale Nixdorf continued to engage in this unlawful conduct. Although defendant Dale Nixdorf always was in plainclothes, he always was armed with his police revolver on each occasion that he went to plaintiff's residence.

4.7     On August 11, 2003, defendant Dale Nixdorf called plaintiff Kathi Yeutsy at 5:45 a.m. claiming he needed to check the alarm system. He arrived at plaintiff Kathi Yeutsy's house at approximately 6:15 a.m. Defendant Dale Nixdorf entered plaintiff's house and sat on the couch. Plaintiff also sat on the couch a safe distance from defendant Dale Nixdorf and then defendant Dale Nixdorf went to plaintiff Kathi Yeutsy and put his arm around her and said, "Can't we go somewhere more comfortable?" Defendant Dale Nixdorf then attempted to kiss and fondle plaintiff and then grabbed her hand and placed it on his

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE (206) 239 8988
FAX: (206) 587-0277

1    erect penis through his jeans. Plaintiff Kathi Yeutsy recoiled in fear and shock and went into

2    her bathroom. When she returned from the bathroom, she found defendant Dale Nixdorf

3    lying across her bed, naked, with his gun laid on a chair nearby. Plaintiff Kathi Yeutsy asked

4    defendant Dale Nixdorf to leave and reminded him that she was a married woman.

5    Defendant Dale Nixdorf then grabbed plaintiff by the hand, pulled her onto the bed, and told

6    her that he was a horny old man, and it's been awhile, and he just wanted to f-*-*-* her. He

7    then pulled off her shirt and, despite plaintiff's statements and attempts to resist, he fondled

8    plaintiff's breasts and attempted to grind his pelvis into plaintiff's pelvis. Plaintiff finally

9    convinced him to stop and defendant Dale Nixdorf then again called her a tease and left the

10   residence.

11

12        4.8    Later in the day on August 11, 2003, plaintiff Kathi Yeutsy called and

13   informed the Seattle Police Department that she no longer wanted the Varda alarm system or

14   the panic system in her house. Seattle Police Officer St. John and another woman officer,

15   whose name plaintiff Kathi Yeutsy does not know, arrived at her residence and removed the

16   Varda/panic button at approximately 1:00 p.m. on August 13, 2003. At that time, plaintiff

17   Kathi Yeutsy informed Officer St. John that she did not want defendant Dale Nixdorf in her

18   house anymore. Officer St. John asked plaintiff Kathi Yeutsy why, and she told Officer St.

19   John she would rather not talk about it. Officer St. John then informed plaintiff Kathi Yeutsy

20   that she needed to talk about it. Approximately five minutes after this conversation with

21   Officer St. John, Sergeant Eddie called plaintiff Kathi Yeutsy, at which time plaintiff told

22   Sergeant Eddie what she had experienced from defendant Dale Nixdorf.

23

24        4.9    Plaintiff Kathi Yeutsy filed a formal complaint with the City of Seattle Police

25   Department concerning the actions of Detective Dale Nixdorf and the Seattle Police

26

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-0933
FAX: (206) 587-0277

1  Department. The Seattle Police Department subsequently conducted an investigation into the

2  complaint. On November 14, 2004, the Seattle Police Department Chief of Police R. Gil

3  Kerlikowske wrote a letter to plaintiff Kathi Yeutsy stating as follows:

> After a careful and objective analysis of all the information,
> the facts gathered in this case were conclusive. The King
> County Prosecutor's Office and the Seattle City Attorney
> reviewed the investigation. While the case did not rise to
> the level of criminal charges the evidence does indicate that
> the actions of the named employee were inappropriate. The
> evidence indicates that the named employee attempted to
> establish a personal and romantic relationship with you.
> The named employee knew you were a domestic violence
> victim when he installed a police alarm in your residence.
> Additionally, the named employee was in a position of
> public trust when he repeatedly called you and ultimately
> placed his personal desires before his professional
> obligations as a representative of the Seattle Police
> Department. The department sustained the allegations and
> proposed discipline. Prior to implementation of discipline,
> the named employee left the department.

A copy of this letter is attached hereto as Exhibit A.

    4.10    The injuries and damages herein alleged are a direct and proximate result of

the acts and/or omissions of defendants Dale Nixdorf and the City of Seattle.

    4.11    As a proximate result of the acts and/or omissions of defendants Dale Nixdorf

and the City of Seattle, plaintiff Kathi Yeutsy suffered personal injuries including, without

limitation, bodily injuries, pain and suffering, emotional distress, property losses, damages

from assault and battery, and damage to her reputation.

## V. **FIRST CAUSE OF ACTION:**
### Violation of United States Constitution
### and 42 U.S.C. §§ 1981 and 1983

    5.1    Plaintiff realleges all paragraphs 1.1 to 4.4 as if fully and specifically set

forth herein.

LAW OFFICE OF
**DANIEL P. MALLOVE, PLLC**
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-8033
FAX: (206) 587-0277

5.2     42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . .
> subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other
> proper proceeding for redress . . .

5.3     Defendants Dale Nixdorf and the City of Seattle are "persons" within the

meaning of 42 U.S.C. § 1983.

5.4     Defendants Dale Nixdorf and the City of Seattle have deprived plaintiff of

rights, privileges or immunities secured by the Fourth and Fourteenth Amendments of the

United States Constitution by violating plaintiff's rights to bodily privacy and personal

security.

5.5     Defendants Dale Nixdorf and the City of Seattle have deprived plaintiff

Kathi Yeutsy of equal protection under the laws as guaranteed by the Fourteenth

Amendment to the United States Constitution.

5.6     The acts and omissions of defendants Dale Nixdorf and the City of Seattle

herein were done under color of state law, custom or usage.

5.7     The acts and omissions of defendants Dale Nixdorf and the City of Seattle

described herein proximately caused the deprivation of plaintiff Kathi Yeutsy's Fourth and

Fourteenth Amendment Rights.

5.8     As a direct and proximate results of the acts and/or omissions of defendants

Dale Nixdorf and the City of Seattle and the deprivation of plaintiff's Fourth and

Fourteenth Amendment constitutional rights, plaintiff Kathi Yeutsy suffered personal

COMPLAINT FOR PERSONAL INJURIES                     8

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-0933
FAX: (206) 587-0277

1   injuries including but not limited to bodily injury, pain and suffering, emotional distress,

2   fear, anguish, property losses and other consequential damages in an amount to be

3   determined at the time of trial.

## VI. SECOND CAUSE OF ACTION
### Assault and Battery

6.1     Plaintiff realleges all paragraphs 1.1 to 5.8 as if fully and specifically set

forth herein.

6.2     As stated more fully above, defendant Dale Nixdorf unlawfully placed

plaintiff Kathi Yeutsy in reasonable apprehension of immediate physical harm and further

engaged in non-consensual and harmful touching of her person so as to constitute assault

and battery.

6.3     Defendant the City of Seattle is vicariously liable for the actions of its agent,

defendant Dale Nixdorf.

6.4     As a proximate result of the above-described acts of assault and battery,

plaintiff Kathi Yeutsy has suffered damages in an amount to be determined at the time of

trial.

## VII. THIRD CAUSE OF ACTION
### Negligence

7.1     Plaintiff Kathi Yeutsy realleges all paragraphs 1.1 to 6.4 as if fully and

specifically set forth herein.

7.2     Defendants Dale Nixdorf and the City of Seattle had a general affirmative

duty toward the public, and had a special affirmative duty toward plaintiff Kathi Yeutsy, to

refrain from causing injury to plaintiff Kathi Yeutsy, in accordance with the applicable

standard of care required of police and other law enforcement officers.

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-9933
FAX: (206) 587-0277

7.3     The acts and/or omissions of defendants Dale Nixdorf and the City of Seattle constitute a breach of the duties of care owed to plaintiff Kathi Yeutsy and a breach of fiduciary duties owed to plaintiff Kathi Yeutsy by violating her trust and confidence in defendants as a public servant assigned to assist and protect her.

7.4     Defendant City of Seattle also was negligent in hiring defendant Dale Nixdorf, in failing to adequately train defendant Dale Nixdorf, in failing to adequately supervise defendant Dale Nixdorf, in allowing defendant Dale Nixdorf to engage in inappropriate activities, and in allowing defendant Dale Nixdorf to engage in impermissible and unlawful sexual harassment and assault.

7.5     As a direct and proximate result of the negligence of defendants Dale Nixdorf and the City of Seattle as above-described, plaintiff Kathi Yeutsy has suffered damages in an amount to be determined at the time of trial.

7.6     Defendant City of Seattle is liable for the actions of its agent and employee, defendant Dale Nixdorf under the doctrine of *respondeat superior* and defendant City of Seattle is liable for its own acts of negligence.

## VIII.  SIXTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress/Outrage

8.1     Plaintiff realleges all paragraphs 1.1 to 7.6 as if fully and specifically set forth herein.

8.2     As stated more fully above, the unlawful and inappropriate acts of defendants Dale Nixdorf and the City of Seattle negligently inflicted emotional distress on plaintiff Kathi Yeutsy.

8.3     The actions of defendants Dale Nixdorf and the City of Seattle constitute negligent infliction of emotional distress or, alternatively, intentional infliction of

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-9933
FAX: (206) 587-0277

1  emotional distress (outrage) on plaintiff Kathi Yeutsy.

2      8.4    Defendant the City of Seattle is vicariously liable for the actions of its agent,

3  defendant Dale Nixdorf.

4      8.5    As a proximate result of the above cited acts of infliction of emotional

5  distress, plaintiff Kathi Yeutsy has suffered damages in an amount to be determined at trial.

6

7  ## IX. EXPENSES INCURRED

8      9.1    As a further direct and proximate result of the acts and/or omissions of

9  defendants Dale Nixdorf and the City of Seattle, plaintiff Kathi Yeutsy has incurred and

10  will in the future incur reasonable and necessary expenses for physicians and medications,

11  as well as other care and treatment, all to her damage in an amount to be proven at the time

12  of trial.

13

14      9.2    As a further direct and proximate result of the acts and/or omissions of

15  defendants Dale Nixdorf and the City of Seattle, plaintiff Kathi Yeutsy has suffered, and

16  may suffer in the future, a loss of wages and impaired earning ability in an amount to be

17  proven at the time of trial.

18      9.3    As a further direct and proximate result of the acts and/or omissions of

19  defendants the City of Seattle and Dale Nixdorf, plaintiff Kathi Yeutsy has sustained

20  property losses in an amount to be proven at the time of trial.

21

22      WHEREFORE, plaintiff Kathi Yeutsy prays for judgment in her favor and against

23  defendants Dale Nixdorf and the City of Seattle, jointly and severally, granting the following

24  relief:

25      1.    An award of compensatory damages in an amount to be determined at trial,

26  but no less than $1,000,000.00;

COMPLAINT FOR PERSONAL INJURIES     11

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE: (206) 239-9933
FAX: (206) 587-0277

2.      An award of punitive damages in an amount sufficient to deter further unlawful conduct by the defendants, in an amount to be determined at the time of trial, but no less than $1,000,000.00;

3.      For an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4.      For such other relief as the Court deems just and proper.

DATED this 15 day of February, 2006.

LAW OFFICE OF DANIEL P. MALLOVE, PLLC

By:_____
        Daniel P. Mallove, WSBA #13158
        Attorney for Plaintiff Kathi Yeutsy

LAW OFFICE OF
DANIEL P. MALLOVE, PLLC
2003 WESTERN AVENUE
SUITE 400
SEATTLE, WASHINGTON 98121
PHONE (206) 230-9933
FAX: (206) 587-0277

# EXHIBIT A

 City of Seattle

Gregory J. Nickels, Mayor

**Seattle Police Department**
R. Gil Kerlikowske, Chief of Police

November 14, 2004

Mrs. Kathi Yeutsy
7902 California SW
Seattle, WA 98136

RE: IS-OPA File # 03-0174

Dear Mrs. Yeutsy:

The investigation into your complaint regarding the conduct of a Seattle Police Department employee has been completed. This has been a thorough and exhaustive examination of facts, and I appreciate your patience.

Your allegation that a Seattle Police employee misused his authority and acted in a manner that was unbecoming an officer received priority attention and was reviewed by our section command staff prior to being assigned for a comprehensive investigation. In this case, the facts gathered as a result of the investigation included the following:

- Related Incident Reports
- Joint Interview: Yeutsy
- Witness Statements: Officer and Sergeants (6)
- Statement: Accused employee
- Phone records: Yeutsy
- Phone records: SPD cell phone
- Washington State Crime Lab Report
- Varda Alarm Reports
- Photographs Yeutsy residence
- Download of named employee's personal data file
- KCSC Civil Court Documents: Yeutsy
- Alarm Installation Reports: 9 Survey Letter Recipients
- Newspaper Article

Once completed, this investigation was evaluated using the legal standard of proof of preponderance of evidence. This means that the evidence must show that, more likely than not, the employee's actions constitute misconduct.

 Seattle Police Department, 610 Fifth Avenue, PO Box 34986, Seattle, WA 98124-4986.
An equal employment opportunity, affirmative action employer.
Accommodations for people with disabilities provided upon request. Call (206) 233-7203 at least two weeks in advance.

After a careful and objective analysis of all the information, the facts gathered in this case were conclusive. The King County Prosecutor's Office and the Seattle City Attorney reviewed the investigation. While the case did not rise to the level of criminal charges the evidence does indicate that the actions of the named employee were inappropriate. The evidence indicates that the named employee attempted to establish a personal and romantic relationship with you. The named employee knew you were a domestic violence victim when he installed a police alarm in your residence. Additionally, the named employee was in a position of public trust when he repeatedly called you and ultimately placed his personal desires before his professional obligations as a representative of the Seattle Police Department.

The department sustained the allegations and proposed discipline. Prior to implementation of discipline, the named employee left the department.

Thank you for bringing this matter to our attention. Public scrutiny is absolutely critical as we strive to build public trust and confidence and bring the best police services to our citizens. Should you have further questions or concerns, please contact Sergeant Parker of the Investigations Section at (206) 684-8797.

Sincerely,

R. Gil Kerlikowske
Chief of Police

Captain Neil Low
Investigation Section Commander
Office of Professional Accountability

NEL/MAP/lt

cc: Investigative file